```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```

JUAN H. GARCIA JR.,[1]

            Plaintiff,

**MEMORANDUM AND ORDER**
09-CV-3285 (SLT)

-against-

DETECTIVE M. MERCADO NY; PCT 110
QUEENS OR QUEENS COUNTY NY,

            Defendants.
```
------------------------------------------------------------X
```
TOWNES, United States District Judge.

    Plaintiff, proceeding *pro se,* and currently incarcerated at Rikers Island Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983.[2] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directs plaintiff to submit an amended complaint within thirty (30) days of the date of this order as detailed below.

## BACKGROUND

    This is the sixth complaint that plaintiff has filed regarding his alleged work as a confidential informant with the New York City Police Department. In Garcia v. Gonzalez, 08-CV-3364 (DLI) and Garcia v. Police Dept., 08-CV-3366 (DLI), the complaints were consolidated, and plaintiff was granted leave to file an amended complaint which complied with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff failed to do so, and by order dated May 8, 2009, the actions were dismissed. In Garcia v. Anastacio, 09-CV-2455 (SLT) and Garcia v.

---

[1] Plaintiff is also known as "Jesus H. Garcia." See Complaint, Unmarked Exhibits.

[2] The United States District Court for the Southern District of New York transferred the complaint to this Court by order dated July 7, 2009.

1



Carbajal, 09-CV-2456 (SLT), by order dated June 17, 2009, the complaints were consolidated, and plaintiff was granted leave to file an amended complaint which complied with Rule 8 of the Federal Rules of Civil Procedure. To date, plaintiff has not filed an amended complaint. Finally, in Garcia v. Gonzalez 09-CV-2343 (SLT), by order dated June 24, 2009, plaintiff was granted leave to file an amended complaint which complied with Rule 8 of the Federal Rules of Civil Procedure. To date, plaintiff has not filed an amended complaint.

Plaintiff has initially filed all of his complaints with the United States District Court for the Southern District of New York. Since the complaints have involved plaintiff's alleged actions as an informant in Queens, New York, the actions were transferred to this Court. See 28 U.S.C. § 1391(b). The true gravamen of the six complaints that plaintiff has filed thus far is, for the most part, incomprehensible and illegible. Accordingly, it is impossible for this Court to determine if plaintiff is trying to file new complaints or merely seeking to file a responsive or amended complaint pursuant to this Court's prior orders.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the District Court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, the District Court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). See also Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, because plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings, and must interpret his complaint to raise the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.' " Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

### 110 Police Precinct

Plaintiff cannot pursue a claim against the 110 Police Precinct. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396; See, e.g., Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (New York City Police Department not a suable entity); Campbell v. New York City Police, No. 05 CV 2858, 2005 WL 1970954, at *1 (E.D.N.Y. Aug. 10, 2005) (the New York City Police Department is not a proper party under § 1983); Wingate v. City of New York, No. 08 Cv. 217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity). Accordingly, all claims against the 110 Precinct must be dismissed pursuant to 28 U.S.C. § 1915A(b).

## LEAVE TO AMEND

The true gravamen of plaintiff's complaint is incomprehensible. Plaintiff alleges that he worked as a confidential informant for defendant Mercado, but the remainder of his claims are

3

unclear and unintelligible. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons, 49 F.3d at 86. However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)).

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint that complies with Rule 8. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Should plaintiff file an amended complaint, plaintiff must identify, as best he can, the individual defendant(s) who were personally involved in the events that he claims violated his rights. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). If plaintiff does not know the true identity of an individual defendant, he must provide as much detail as possible, including a physical description of each defendant, whether the defendant was a man or a woman, what position or job each defendant held and place of employment, so that each defendant may be

identified. Plaintiff shall refer to any unidentified defendant as John or Jane Doe. Plaintiff must clearly and concisely state his claim in a legible manner. In addition, plaintiff is reminded that any complaint where a substantial part of the events giving rise to the claim occurred in Queens County, must be filed with this Court which is located at 225 Cadman Plaza East, Brooklyn, New York 11201.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss the complaint pursuant to Fed.R.Civ.P. 8.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
July 30, 2009